OPINION — AG — AN APPLICANT FOR LICENSE WHO HAS BEEN CONVICTED OF A VIOLATION OF THE PROHIBITION LAWS SHOULD BE DENIED SUCH LICENSE EVEN THOUGH A PARDON MAY HAVE BEEN GRANTED. THE SECTION FURTHER REQUIRES THAT THE APPLICANT MUST SATISFY THE COUNTY JUDGE HE IS A PERSON OF GOOD MORAL CHARACTER. UPON THE ISSUE ALSO HIS CONVICTION OF VIOLATION OF THE PROHIBITION LAWS MUST BE CONSIDERED BY THE COUNTY JUDGE. A PARDON CANNOT RESTORE GOOD MORAL CHARACTER. IT FURTHER APPEARS FROM YOUR LETTER THAT THIS "PARDON" WAS GRANTED BY THE GOVERNOR UPON COSTS INCURRED IN THE CASE BEING PAID. FROM THIS STATEMENT, WE PRESUME THAT THE PURPORTED PARDON PROVIDED THAT IT SHOULD BE EFFECTIVE UPON PAYMENT OF THE COSTS. IN SUCH CASE, EVEN THOUGH CALLED A PARDON, IT CAN HARDLY BE SAID TO BE ONE IN THE TRUE AND COMPLETE SENSE, BUT OPERATED RATHER AS A CUMMUNTATION OF SENTENCE, RELIEVING THE CONVICTED PERSON OF THE FINE AND JAIL SENTENCE, BUT REQUIRING HIM TO PAY THE COSTS CONSTITUTED A PART OF THE PUNISHMENT; SUCH BEING TRUE, IT CANNOT BE SAID TO HAVE THE FULL EFFECT OF A PARDON. CITE: 57 O.S. 162 [57-162], 57 O.S. 332 [57-332], 57 O.S. 345 [57-345], ARTICLE VI, SECTION 10 (S. M. LATTIMORE)